**Long Sheng ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

**No. 03–40176–AG.**

United States Court of Appeals, Second Circuit.

Oct. 19, 2005.

Thomas V. Massucci, New York, NY, for Petitioner.

Michael L. Roden, Assistant United States Attorney, Nashville, TN, for Respondent.

PRESENT: CARDAMONE, KATZMANN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner Long Sheng Zheng petitions for review of the June 2003 order of the

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

BIA affirming the decision of the Immigration Judge ("IJ") to deny his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed. Because the BIA summarily affirmed the decision of the IJ, this Court reviews the IJ's decision directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 306–07 (2d Cir.2003).

Zheng contends the IJ incorrectly found that he had failed to meet the standards for asylum, withholding of removal, and CAT relief because Zheng's wife has had no problems with the Chinese government and because he did not testify to a subjective fear of sterilization, arguing that the first factor is irrelevant and the second is unsupported by the record.

The IJ's denial of Zheng's claims was supported by substantial evidence. *See Secaida–Rosales,* 331 F.3d at 306–07. The fact that Zheng's wife and child have been left alone indicates that Zheng's alleged fear of persecution upon his return to China is unreasonable, especially as he has not violated any of China's family planning laws. *See Melgar de Torres v. Reno,* 191 F.3d 307, 311 (2d Cir.1999). With respect to his CAT claim, Zheng has not shown that "it is more likely than not that he . . . w[ill] be tortured if removed to the proposed country of removal." *See* 8 C.F.R. § 208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED.